# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| John Sandviks, individually and on behalf of all others similarly situated, | ) )  Civil Action No.: 1:17-cv-00744-JMC |
| Plaintiff, | ) ) |
| v. | )  **ORDER AND OPINION** |
| PhD Fitness, LLC, a California Limited Liability Company, | ) ) ) ) |
| Defendant. | ) ) |

This matter is before the court pursuant to Defendant PhD Fitness, LLC's Motion to Dismiss Plaintiff John Sandviks' Amended Class Action Complaint ("Amended Complaint") for failure to state a claim (ECF No. 22). Plaintiff filed a response in opposition to Defendant's Motion (ECF No. 28). For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 22).

## I. JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (1) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs; (2) Defendant is a citizen of California and Plaintiff is a citizen of South Carolina (complete diversity exists); and (3) there are 100 or more members of the proposed Plaintiff class. *See* 28 U.S.C. § 1332; (ECF No. 17 at ¶ 9). When a federal court sits in diversity jurisdiction, it applies federal procedural law and state substantive law. *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996).

1

## II. RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND

Defendant is a sport supplement company. (ECF No. 17 at ¶ 8.) Defendant formulates, manufactures, advertises and sells workout supplements (collectively, the "Products"). (*Id*.) Plaintiff brought his claims individually and on behalf of unnamed class members (collectively, the "Class") in the State of South Carolina pursuant to Federal Rule of Civil Procedure 23. (*Id*. at ¶ 71.) During the relevant period, members of the Class purchased the Products in South Carolina through numerous brick and mortar retail locations and online websites. (*Id*. at ¶ 6.) Plaintiff purchased several of Defendant's Products, including Pre-JYM and Post-JYM. (*Id*. at ¶ 7.) Plaintiff purchased Defendant's Pre-JYM and Post-JYM Products at Bodybuilding.com numerous times over the past two years. (*Id*.)

On March 17, 2017, Plaintiff filed his initial Complaint (ECF No. 1) and on July 14, 2017, filed his Amended Complaint for Breach of Express Warranties (Count I), Breach of Implied Warranties (Count II), Negligent Misrepresentation (Count III), Intentional Misrepresentation (Count IV), Fraudulent Inducement (Count V), and Unjust Enrichment (in the Alternative to Counts I and II) (ECF No. 17). Plaintiff espouses that he read and relied on the Products' labels before he bought the Products and believed on the basis of the labels' representations that the Products contained the proper doses of the ingredients listed on the labels. (*Id*. at ¶ 7.) Specifically, Plaintiff read and relied on the Pre-JYM label, which states, "Every ingredient in this formula is in a dose use[d] in clinical studies and my own gym to produce significant gains in size, strength and endurance." (*Id*. at ¶ 63.)

However, as demonstrated by the studies Plaintiff cites in the Amended Complaint, Plaintiff posits that the majority of these ingredients are not properly dosed, have no scientific backing and/or have simply been found to be completely ineffective, making Defendant's claims on the

Pre-JYM label "demonstrably false." (ECF No. 28 at 9.) In addition, Plaintiff claims he read and relied on the Post-JYM product, which states, "Those ingredients, in full research backed doses, are in this bottle." (*Id*. at ¶ 64.) However, as demonstrated by the studies Plaintiff cites in the Amended Complaint, Plaintiff asserts that the majority of these ingredients are not properly dosed, have no scientific backing and/or have simply been found to be completely ineffective, making Defendant's claims on the Post-JYM label "demonstrably false." (ECF No. 28 at 10.) Plaintiff and the Class assert that they would not have purchased the Products had they known that the Products did not contain proper doses of the ingredients listed on the Products' labels and in Defendant's advertisements. (*Id*.)

On August 11, 2017, Defendant filed a Motion to Dismiss stating that Plaintiff fails to state a claim for relief. (ECF No. 22.) On September 15, 2017, Plaintiff filed a response in opposition (ECF No. 28), and Defendant filed a reply (ECF No. 31). Subsequently, Plaintiff filed a Supplemental Response[1] (ECF No. 36), and Defendant filed a Supplemental Sur Reply (ECF No. 39).

### III. LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding

---

[1] Plaintiff's Supplemental Response was to apprise the court of a recent decision in *Johnston v. PhD Fitness, LLC* denying the motion to dismiss as to plaintiff's negligent misrepresentation, intentional misrepresentation, and unjust enrichment claims. No. 2:16-cv-14152 (E.D. Mich. Jan 31, 2018), ECF No. 19. (ECF No. 36.) As in this case, Mr. Johnston (also represented by Plaintiff's attorney) alleged that Defendant deceived him by making representations on the packaging of Pre-JYM and Post-JYM Products that convinced him to purchase the Products. (*Id*. at 1.)

the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

**A. Breach of Express Warranties (Count I) and Breach of Implied Warranties (Count II)**

Defendant asserts that Counts I and II must be dismissed because Plaintiff did not give the requisite notice to Defendant prior to filing the express warranty claim or the implied warranty claim. (ECF No. 22 at 11.) South Carolina law requires that, after the acceptance of goods, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." S.C. CODE ANN. §36-2-607(3)(a)(2013); *Hitachi Elec. Devises (USA), Inc. v. Platinum Techs, Inc.*, 366 S.C. 163, 169 (2005) (dismissing a buyer's claims when he failed to give reasonable notice). Plaintiff's claims are barred if he fails

to properly allege that he gave such notice of his warranty claims prior to filing a lawsuit. *See In re Bausch & Lomb Inc. Contacts Lens Solution Prod. Liab. Litig.*, 2008 WL 2308759, at *6 (D.S.C. Apr. 9, 2008) ("There is no allegation in the amended complaint that [plaintiffs] gave notice of the alleged breach, either within a reasonable time or otherwise. Accordingly, [plaintiffs' warranty claims] must be dismissed."). The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which the law requires that he shall have early warning. *See Southeastern Steel Co. v. W.A. Hunt Const. Co., Inc.*, 301 S.C. 140, 147 (Ct. App. 1990).

Here, Plaintiff alleges express and implied warranty claims on behalf of a statewide class, but does not allege that he provided notice of such claims to Defendant prior to the filing of his claim. Plaintiff's only allegations of notice are in regard to a complaint filed in another district (the Eastern District of Michigan), a "pre-suit demand letter," and the filing of the original Complaint. (ECF No. 17 at ¶¶ 89, 100.) However, the lawsuit is in a different jurisdiction and originally included different claims; this suit was also later amended to only bring claims on behalf of another plaintiff (dropping Plaintiff Sandviks) without any explanation or warning that the claims may be refiled. (*See* ECF No. 22-2.) Additionally, the letter sent by Plaintiff Sandvik's counsel to Defendant was sent on behalf of a wholly different plaintiff solely for the Michigan matter and did not give notice of claims on behalf of Plaintiff Sandvik. (*See* ECF No. 22-3) ("This letter serves as a notice and our pre-suit demand for corrective action *on behalf of our client, Jeff Johnston*, and all other persons similarly situated, pursuant to the Uniform Commercial Code and Michigan law.") (emphasis added). Not only was the content of the letter deficient to provide proper notice, but it was not timely. The letter is dated as having been sent on March 15, and Plaintiff then filed this Complaint on March 17. (*See* ECF No. 1.) Defendant did not receive the letter until after the Complaint was filed. (ECF No. 22 at 13.) Neither Plaintiff's Complaint nor

Plaintiff's counsel's letter constitutes any form of reasonable notice of claims to be filed in this court on behalf of this Plaintiff. *See Dilly v. Pella Corporation*, Case No. 2:14 –cv-03307-DCN, 2016 WL 53828, at *11 (D.S.C. Jan. 4, 2016) (holding that "to the extent [plaintiff's] breach of express warranty claim relied on the warranty claim it made contemporaneously with filing the present lawsuit," it "fails as a matter of law for lack of notice as required under [S]ection 2-607."). The Complaint is devoid of any allegations that Plaintiff provided Defendant with reasonable notice of their alleged warranty breaches.

In the alternative, Plaintiff argues that notice is not required because Defendant is a manufacturer rather than the direct seller of the Products that Plaintiff purchased. (ECF No. 28 at 11.) Plaintiff fails to cite to any South Carolina authority to support this position. However, the non-controlling cases Plaintiff cites are distinguishable from the present case. Unlike in *Greenman v. Yuba Power Products Inc.* and *Cooley v. Big Horn Harvestore Systems, Inc.*, Plaintiff does not bring his warranty claims against the direct retailer, Bodybuilding.com. 59 Cal. 2d 57 (1963); 813 P.2d 736 (Colo. 1991). Further, Plaintiff specifically alleges that his contract was with Defendant, that it was Defendant's "labeling, marketing and advertising" that constituted express warranties and became part of the contract between Plaintiff and Defendant, and that Defendant breached the express warranties since the Products at issue did not conform to its statements that formed part of the contract. (*See* ECF No. 17 at ¶ 83.) Based on Plaintiff's own allegations, Plaintiff cannot conclude that Defendant was a "remote seller" or "isolated and insulated" from Plaintiff – as observed by the courts in *Greenman* and *Cooley* – such that it would be unreasonable to provide Defendant with notice under these circumstances.

Because Plaintiff brings this suit against Defendant, and alleges a contract with, and breach of warranty by Defendant, notice to Defendant (not Bodybuilding.com) would comply with "the

6

purpose of the statute." *Cooley*, 813 P.2d at 742. Moreover, as noted by one court in this District, *Greenman* specifically "considered whether notice is required when the defective product caused a personal, rather than an economic, injury," further stating that "[t]he result in *Greenman* can be ascribed to the distinction between products liability actions sounding in tort and those sounding in contract." *In re Bausch & Lomb Inc. Contacts Lens Solution Prod. Liab. Litig.*, 2008 WL 2308759, at *5 (dismissing plaintiff's claim where "[t]here [was] no allegation in the complaint" that plaintiffs gave notice of the alleged breach).[2] Accordingly, Plaintiff's causes of action for breach of express and implied warranties are dismissed.

### B. Negligent Misrepresentation (Count III) and Intentional Misrepresentation (Count IV)

Defendant asserts that Counts III and IV must be dismissed pursuant to the economic loss doctrine because Plaintiff's claims must sound in contract and only allege monetary losses.[3] (ECF No. 22 at 3.) South Carolina's "economic loss rule" bars "recovery in tort for alleged product defects unless the product has injured a person or property." *Brooks v. GAF Materials Corp.*, Case No. 8:11-cv-00983-JMC, 2012 WL 5195982, at *7 (D.S.C. Oct. 19, 2012). Indeed, "if the only damage is diminution in the value of the product itself, the plaintiff's remedy lies in contract,

---

[2] In *In re Bausch & Lomb Inc.*, the court also observed that "[s]ome states have adopted ameliorative provisions relaxing stringent application of the notice requirement where a personal injury is involved," specifically noting that South Carolina added language to Section 36-2-607(3) stating that "no notice of injury to the person in the case of consumer goods shall be required." 2008 WL 2308759, at *5. South Carolina's addition of this language makes clear that while Section 36-2-607(3)'s notice requirement may have been relaxed as to consumers who have suffered personal injury as a result of a product, this exception does not apply to consumers who allege only economic injuries.

[3] Defendant incorrectly categorizes Plaintiff's unjust enrichment claim as a tort claim. South Carolina law does not treat an unjust enrichment claim as a tort. In South Carolina law, the terms contract implied-in-law, quantum meruit, quasi-contract, restitution, and unjust enrichment have often been used interchangeably to refer to the same type of claim for equitable relief. *See Gignilliant v. Gignilliat, Savitz & Bettis, LLP*, 684 S.E.2d 756, 764 (S.C. 2009); *Williams Carpet Contractors, Inc. v. Skelly*, 734 S.E.2d 177, 180 (S.C. Ct. App. 2012); *QHG of Lake City, Inc. v. McCutcheon*, 600 S.E.2d 105, 108 (Ct. App. 2004).

whether the loss results from inferior quality of the product, its unfitness for an intended use, its deterioration, or its destruction by reason of the defect." *Carolina Winds Owners' Ass'n v. Joe Harden Builder, Inc.*, 297 S.C. 74, 80 (Ct. App. 1988). Where, however, "there is a special relationship between the alleged tortfeasor and the injured party not arising in contract, the breach of that duty of care will support a tort action." *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 55 (1995). Thus, "[a] breach of a duty arising independently of any contract duties between the parties…may support a tort action." *Id.*

Plaintiff does not deny that his tort claims arise out of an alleged contractual relationship with Defendant, or that his alleged losses are purely economic, but instead asserts that his tort claims are not barred by the "economic loss rule" because this case "falls under the industry standards exception to the economic loss doctrine." (ECF No. 28 at 11.) In an attempt to show a "special relationship" between Plaintiff and Defendant, and a breach of a duty arising outside of the parties' contractual relationship, Plaintiff alleges that Defendant "failed to comply with FDA standards when it made deceptive statements." (*Id*. at 18.)

However, Plaintiff's alleged "industry standard exception" to the economic loss rule has already been rejected by this court under similar circumstances. In *Besley v. FCA US, LLC*, Case No. 1:15-cv-01511-JMC, 2016 WL 109887, at * 1 (D.S.C. Jan. 8, 2016), the plaintiff alleged that he purchased a truck on which a sticker was affixed, which indicated that the pickup truck included a "3.55 rear axle ratio," but that the truck was actually equipped with a standard 3.21 rear axle ratio. Based on these alleged misrepresentations, the plaintiff brought claims for negligence misrepresentation and negligence per se, which the defendant moved to dismiss under the economic loss rule. *Id.* at *4. In response, the plaintiff argued that defendant breached an independent duty of care owed by the defendant "in that it failed to comply with federal automobile information disclosure regulations and laws which were intended to protect purchasers of automobiles." *Id.* at *5. But the court disagreed, holding that "authority simply does not exist under South Carolina law to allow an alleged violation of either statutory law or a regulatory standard to serve as an exception to the economic loss rule," and that the "court should not create

such an expansion of existing law." *Id.* Accordingly, the court ruled that the defendant "is entitled to dismissal of [p]laintiff's tort claims for negligence misrepresentation and negligence per se pursuant to the economic loss rule." *Id. (citing Bennett v. Ford Motor Co.*, 236 F. Supp. 2d 558, 562-63 (D.S.C. 2002) (recognizing that expanding South Carolina tort law is "not the role of this [c]ourt" and thus refusing to recognize an exception to the economic loss rule for a breach of industry standards).

Because Plaintiff has alleged only economic damages, *i.e.*, the "price he paid for the Products plus applicable sales taxes," and has alleged no "special relationship" between himself and Defendant, or any independent duty that Defendant owed to Plaintiff outside of the alleged contractual relationship, Plaintiff's claims for negligent misrepresentation and intentional misrepresentation are dismissed pursuant to the economic loss doctrine.

### C. Fraudulent Inducement (Count V)

Defendant maintains that Count V must be dismissed because Plaintiff fails to allege that Defendant had actual knowledge that any claims about the Products were false (which Defendant disputes) and fails to allege any facts upon which to infer such knowledge. (ECF No. 22 at 6.) To establish a claim for fraud in the inducement, a plaintiff must first prove all nine elements of fraud: (1) a representation; (2) falsity; (3) its materiality; (4) knowledge of the falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance upon the truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *First State Sav. and Loan v. Phelps*, 299 S.C. 441, 446-47 (1989).

Here, Plaintiff alleges, with the requisite particularity under 9(b),[4] all of the elements for fraud. The Amended Complaint alleges that Plaintiff purchased Defendant's Pre-JYM and Post-JYM products at Bodybuilding.com numerous times over the past two years. (ECF No. at ¶ 7.) Plaintiff alleges that Defendant has intentionally made material misrepresentations of fact concerning the nature of, and ingredients in, the Products to Plaintiff and the Class. *Id*. at ¶ 109.) Defendant "knew that the intentional misrepresentations were false at the time they were made." (*Id*. at ¶ 110.) Defendant "intended that Plaintiff and members of the Class would rely on the false representations and purchase Defendant's Products." (*Id*. at ¶ 111.) Further, Plaintiff alleges he relied on Defendant's statements when he read the Product label. Moreover, Plaintiff claims to have suffered an injury because he would not have purchased the Products had he known the true nature of the ingredients and their dosing. (*Id*. at ¶ 6.)

In addition to the above nine elements, to prove fraudulent inducement the plaintiff must also demonstrate "(1) that the alleged fraudfeasor made a false representation relating to a present or pretexting fact; (2) that the alleged fraudfeasdor intended to deceive him; and (3) that he had a right to rely on the representations made to him." *Moseley v. All Things Possible, Inc.*, 388 S.C. 31, 36 (Ct. App. 2010), *aff'd*, 395 S.C. 492 (2011). Plaintiff's Amended Complaint alleges false representations relating to a present or preexisting fact about Defendant's Products: "Defendant's Products' labels as contained on the Products' packaging conclude that the Products had ingredients that were backed by science, proven to be effective by scientific literature, and properly dosed when they met none of those criteria." (*Id*. at ¶¶ 7, 61-64.) Prior to purchasing the Products, Plaintiff read and relied on the marketing materials referenced on the website Bodybuilding.com

---

[4] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

and believed on the basis of the representations that the Products contained the proper doses of the ingredients listed on the labels. *Id*. The Amended Complaint alleges that "Defendant intentionally designed its public representations to mislead consumers about the ingredients and quality of its Products because, as the manufacturer and designer of the Products and their packaging knew or should have known with the exercise of reasonable care, that the Products it was offering to consumers did not contain the attributes and benefits, as advertised by Defendant, and that consumers would be misled into believing that the Products contained those attributes and benefits." (*Id*. at ¶¶ 125-127.) Finally, Plaintiff and members of the Class "had a right to rely on Defendant's representations because Defendant is the manufacturer and designer of the Products and has knowledge of the attributes and benefits of their Products, and as such, Plaintiff and members of the Class had reason to believe Defendant's representations were true when in fact they were false." (*Id*. at ¶ 129.) "Plaintiff and members of the Class reasonably and actually relied on Defendant's representations." (*Id*. at ¶ 130.)

Defendant's contention that Plaintiff could not have reasonably relied upon Defendant's false statements in light of its disclaimer is premature.[5] *See Elders v. Parker*, 332 S.E.2d 563, 567 (S.C. Ct. App. 1985) ("Whether reliance is justified in a given situation requires an evaluation of the circumstances involved, including the positions and relations of the parties."); *Slack v. James,* 589 S.E.2d 772, 774 (S.C. Ct. App. 2003), *aff'd,* 614 S.E.2d 636 (S.C. 2005) (question of whether

---

[5] As a general rule, a district court, in ruling on a motion to dismiss, should look only to the allegations of the amended complaint. However, an authentic document referred to or attached to the pleadings, and integral to plaintiff's claims, may also be considered. *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016) ("A court passing on a motion to dismiss may consider attachments to an amended complaint or the motion to dismiss if integral to the complaint and authentic."). The court finds that the referenced disclaimers are integral to the case as Plaintiff repeatedly cites to the Bodybuilding.com website. The relevant disclaimer that Defendant points to is "[t]hese statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease." (*See* ECF No. 22 at 6.)

11

a plaintiff can reasonably rely on a misrepresentation is one of fact for a jury); *Unlimited Servs., Inc. v. Macklen Enters., Inc.,* 303 S.C. 384, 387, 401 S.E.2d 153, 155 (1991) ("The general rule is that questions concerning reliance and its reasonableness are factual questions for the jury."); *Starkey v. Bell,* 281 S.C. 308, 313, 315 S.E.2d 153, 156 (Ct. App. 1984) ("Issues of reliance and its reasonableness, going as they do to subjective states of mind and applications of objective standards of reasonableness, are preeminently factual issues for the triers of the facts.").

Further, Defendant's argument that a party may not reasonably rely upon statements that are specifically disclaimed are inapplicable to this case. (ECF No. 31 at 9) (*citing In re Marine Energy Systems Corp.*, 299 Fed. Appx. 222, 2008 WL 4820128, at *7 (Nov. 6, 2008) (holding that with respect to fraud and negligent misrepresentation claims, a party "could not justifiably rely, and in fact did not have a right to rely," on alleged misrepresentations when it expressly agreed it would not have a right to rely on those statements). Here, Plaintiff does not allege reliance on the JYMs being FDA approved, or curing disease, or treating "muscle fatigue," or "endurance" or "other physiological ailments" (as disclaimed by Defendant). According to Plaintiff, he relied on the claims that the JYMS contained ingredients in effective doses backed by clinical studies. The disclaimer is silent about research-backed dosing. Based on the above analysis, Plaintiff has properly plead the elements necessary for a fraudulent inducement claim and therefore his claim will not be dismissed.

**D. Unjust Enrichment (Count VI)**

Defendant espouses that Count VI must be dismissed because Plaintiff fails to state a claim for unjust enrichment when "Plaintiff alleges a contract exists to cover the same conduct and fails to allege the elements of the claim." (ECF No. 22 at 13.) An unjust enrichment claim is an equitable claim whereby the law implies a contract between the parties. *Turner v. Rams Head Co.*,

12

2007 WL 2579386, at *7 (D.S.C. Sept. 4, 2007) ("[A]n action for unjust enrichment cannot lie in the fact of an express contract.").

However, the federal rules specifically permit Plaintiff to plead alternative and inconsistent theories at the pleadings stage. *See* Fed. R. Civ. P. 8(d)(2); *see also Trevillyan v. APX Alarm Sec. Sys., Inc.,* No. CA 2:10-1387-MBS, 2011 WL 11611, at *7 (D.S.C. Jan. 3, 2011) (plaintiff may maintain an action for unjust enrichment despite written agreement because plaintiff may plead in the alternative under Fed. R. Civ. P. 8(d)(2); "generally a party is not required to make an election of remedies until after the verdict is entered and prior to the entry of judgment"); *Poloschan v. Simon*, No. CIV.A. 9:13-1937-SB, 2014 WL 1713562, at *14 (D.S.C. Apr. 29, 2014) (concluding that it would be improper to dismiss alternative claim at pleading stage). For example, in *Monster Daddy, LLC v. Monster Cable Prod., Inc.*, No. CA 6:10-1170-TMC, 2012 WL 2513466, at *4 (D.S.C. June 29, 2012), the court there denied motions to dismiss both the breach of contract and unjust enrichment claims. Similarly, here, Plaintiff can proceed on these claims.

Furthermore, the Amended Complaint sufficiently pleads that Defendant was unjustly enriched by Plaintiff. "A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belongs to another." *Thomas v. Ford Motor Co.*, No. CIV.A. 5:13-01417-JM, 2014 WL 1315014, at *5 (D.S.C. Mar. 31, 2014) (*citing Dema v. Tenet Physicians Servs. Hilton Head, Inc.*, 383 S.C. 115, 123 (2009)). Here, Defendant manufactured the alleged defective Products. (ECF No. 17 at ¶¶ 2, 8.) Plaintiff and other class members paid money to acquire ownership of their Products. (*Id*. at ¶ 132.) They conferred an economic benefit upon Defendant, which profited from their purchase of the Products. (*Id*. at ¶¶ 134-136.) Because its Products were allegedly defective, Defendant unjustly retained a benefit. (*Id*. at ¶ 136.) These allegations suffice to state a claim for unjust enrichment. Therefore, Plaintiff has adequately

pleaded an unjust enrichment claim against Defendant, and thus, Defendant's Motion to Dismiss this claim is denied.

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 22).  The court grants Defendant's Motion to Dismiss as to Plaintiff's claims for breach of express and implied warranties, and negligent and intentional misrepresentation.  The court denies Defendant's Motion to Dismiss as to Plaintiff's claims for fraudulent inducement and unjust enrichment.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 20, 2018
Columbia, South Carolina